IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARNELL RICHMOND, #K89371,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 20-00143-SMY |
| ) | |
| **WEXFORD HEALTH SOURCES, INC,** ) | |
| **ROB JEFFREYS,** ) | |
| **FRANK LAWRENCE,** ) | |
| **MOHAMMED SIDDIQUI,** ) | |
| **ANGELA CRAIN,** ) | |
| **J B PRITZKER,** ) | |
| **JOHN DOE #1,** ) | |
| **ZIMMER, and** ) | |
| **WARDEN OF MENARD** ) | |
| **CORRECTIONAL CENTER,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Darnell Richmond, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights and violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and the Rehabilitation Act ("RA"), 29 U.S.C. § 701, *et seq.*[1] (Doc. 1). Plaintiff seeks monetary damages and injunctive relief. (*Id.*).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious

---

[1] Although Plaintiff mentions only the ADA, "the [RA] is available to him, and courts are supposed to analyze a litigant's claims and not just the legal theories that he propounds, especially when he is litigating *pro se*." *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012) (internal citations omitted).

claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): Due to deliberate understaffing of the Menard health care unit ("HCU") by Wexford, Plaintiff was denied medical treatment for his serious medical needs. Additionally, this policy resulted in Plaintiff being seen by a nurse instead of a doctor who could properly examine and diagnose his injuries and medical conditions. Wexford is aware that there is not an adequate number of medical staff to provide proper medical care for the inmate population. Wexford understaffs the Menard HCU to save money. It is public knowledge as a result of the litigation in *Lippert v. Baldwin* that Wexford, who was hired by Jeffreys, Pritzker, and Lawrence, understaffs all IDOC facilities. The policy of understaffing has been allowed by Jeffreys, Pritzker, and Lawrence, and they turned a blind eye to this serious problem resulting in denial of access to medical care for Plaintiff's serious medical needs.

Defendants were made aware that as a direct result of the extreme overcrowding, inmates such as Plaintiff were not receiving adequate medical care and turned a blind eye to it. Defendants were also made aware that Plaintiff and other inmates were denied access to medical care because of the understaffing of the Menard HCU by Wexford.

While at the law library on February 21, 2019, Plaintiff was instructed to sit in an assigned chair by C/O John Doe 1. Plaintiff informed Doe that the chair was unstable and asked if he could sit in a different chair. Doe told Plaintiff to sit in the chair or he would be written a disciplinary ticket and sent to segregation. Plaintiff sat in the chair and it collapsed causing Plaintiff to fall

backwards. He hit his head and back, and was knocked unconscious. A nurse called an ambulance to take Plaintiff to Chester Memorial Hospital. Due to the understaffing by Wexford, no doctor was on site when Plaintiff was injured. At the hospital, Plaintiff was diagnosed with a cervical and lumbar sprain. The CT scans showed mild multilevel spondylosis, small posterior disc osteophyte complexes most pronounced at C3-C4 and C4-C5, mild osseous encroachment of the neural foramen bilaterally at C3-C4, small posterior disc herniation at L4-L5 resulting in mild spinal stenosis, and small left eccentric posterior disc herniation at L5-S1 resulting in mild L5-S1 neuroforaminal narrowing on the left.

When Plaintiff returned to Menard, a nurse informed him that due to understaffing, there was no doctor or nurse practitioner available to see him for 5 days. This resulted in a denial of medical care and unnecessary pain. Subsequently, Dr. Siddiqui, Zimmer, and Crain told Plaintiff there was nothing wrong with him and disregarded the instructions of the emergency room doctor for after care.

Plaintiff was not relocated to a lower gallery to alleviate the pain he was experiencing from walking up and down five flights of stairs to his cell. He was told to put ice and heat on his injury, but was not given a permit or a heating pad or ice. Walking the stairs caused severe pain in his back. His legs would also shake, making it difficult to walk. He could not turn his head or neck without severe pain. He had migraine type headaches and blurred vision.

Dr. Siddiqui and Zimmer gave Plaintiff over-the-counter ("OTC") medications, including Tylenol and Ibuprofen to treat the pain from the injuries to his head and back. He advised them on countless occasions that the OTC medication was not managing his pain and he needed something stronger. They denied him any other medication because Wexford would not authorize

it. He wrote letters to Dr. Siddiqui, Zimmer, and Crain telling them he was in extreme pain from his injuries, but they ignored him. Dr. Siddiqui, Zimmer, and Crain continued an ineffective course of treatment leaving Plaintiff in severe pain. He was told by several nurses and other medical staff that Wexford saves money by only providing OTC pain medication and denying requests for prescription pain medication. Dr. Siddiqui, Zimmer, and Crain told Plaintiff they believed he was lying about his pain as a means to deny additional medical treatment in accordance with Wexford policies and/or practices.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

| | |
|---|---|
| Count 1: | Eighth Amendment deliberate indifference to serious medical needs claim against Wexford, Jeffreys, Pritzker, and Lawrence due to prison overcrowding and understaffing of medical providers by Wexford that led to the denial and/or delay of medical care for Plaintiff's injuries and chronic pain. |
| Count 2: | Eighth Amendment deliberate indifferent to serious medical needs claim against Dr. Siddiqui, Zimmer, Crain, and Wexford for denying Plaintiff adequate medical care for his injuries and chronic pain. |
| Count 3: | Eighth Amendment deliberate indifference claim against John Doe for making Plaintiff sit in an unstable chair ultimately leading to Plaintiff falling and being injured. |
| Count 4: | ADA and/or RA claim against Defendants for failing to accommodate Plaintiff's disabilities as a result of his injuries and chronic pain. |

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

### Counts 1 and 2

Prison officials and medical staff violate the Eight Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

The allegations in the Complaint are sufficient for Plaintiff to proceed on the deliberate indifference claim in Count 1 against Jeffreys, Pritzker, and Lawrence and in Count 2 against Dr. Siddiqui, Zimmer, and Crain. Additionally, Plaintiff has stated a viable claim in Counts 1 and 2 against Wexford. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference if it had a policy or practice that caused the violation).

### Count 3

Plaintiff has not stated a claim against John Doe for making him sit in an unstable chair. At most, John Doe's conduct constituted negligence and mere negligence does not amount to deliberate indifference. *See Gayton v. McCoy*, 593 F.3d 610 (7th Cir. 2010); *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). Therefore, Count 3 will be dismissed for failure to state a claim.

### Count 4

Plaintiff's allegations are sufficient to allow him to proceed on an ADA and/or RA claim.

However, this claim cannot proceed against individual defendants because individual employees of IDOC cannot be sued under the ADA or the RA. *Jaros v. Illinois Dep't of Corrs*, 684 F.3d 667, 670 (7th Cir. 2012). Instead, the proper defendant is the relevant state department or agency. See 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670, n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). Therefore, the proper defendant is Rob Jeffreys, in his official capacity as the IDOC Director. To the extent Plaintiff seeks to bring this claim against Wexford, Lawrence, Dr. Siddiqui, Zimmer, Crain, Pritzker, and John Doe, they will be dismissed.

### Injunctive Relief

Because the Complaint includes a request for injunctive relief, the Warden of Menard Correctional Center, in his/her official capacity, will be added to the docket with regard to the request for injunctive relief. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (holding warden is proper defendant for injunctive relief claim as he would be responsible for ensuring that any injunctive relief would be carried out).

### Official Capacity Claims

Plaintiff raises claims against each defendant in his or her individual and official capacities. The ADA, RA, and injunctive relief claims are properly brought against Jeffreys and the Warden of Menard Correctional Center in their official capacities. However, Plaintiff's claims for monetary damages may only be pursued against state officials in their individual capacities. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Accordingly, the official capacity claims against the individual defendants are dismissed without prejudice.

**Disposition**

The Complaint states colorable claims in Count 1 against Wexford Health Sources, Inc., Rob Jeffreys, Frank Lawrence, and J B Pritzker; in Count 2 against Mohammed Siddiqui, Angela Crain, and Zimmer; and in Count 4 against Rob Jeffreys in his official capacity as the IDOC Director. Count 3 and John Doe 1 are **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to **TERMINATE** John Doe as a defendant and to **ADD** the Warden of Menard Correctional Center, in his or her official capacity, to the docket for purposes of Plaintiff's claim for injunctive relief.

The Clerk shall prepare for Wexford Health Sources, Inc., Rob Jeffreys, Frank Lawrence, J B Pritzker, Mohammed Siddiqui, Angela Crain, Zimmer, and the Warden of Menard Correctional Center (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  October 22, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.