## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DARNELL RICHMOND, #R30884, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-143-RJD |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on the Motions for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants (Docs. 40, 41, 43, and 44).   Plaintiff filed a Response (Doc. 49).   Defendants Zimmer and Wexford Health Sources, Inc. ("Wexford") filed a Reply (Doc. 50).

## Background

Plaintiff is an inmate of the Illinois Department of Corrections ("IDOC") and filed this suit pursuant to 42 USC §1983, alleging that Defendants were deliberately indifferent to Plaintiff's serious medical needs at Menard Correctional Center ("Menard").   Plaintiff also brings a claim pursuant to the Americans with Disabilities Act ("ADA"), 42 USC § 12101 *et seq* and the Rehabilitation Act ("RA"), 29 U.S.C. § 701, *et seq*.   Plaintiff alleges that he injured his back in February 2019 and Defendants Wexford, Siddiqui, Zimmer, and Crain were deliberately indifferent to his pain.   Plaintiff further alleges Menard's health care unit is understaffed which led to the denial and/or delay of Plaintiff's medical care, and that Defendants Wexford, Jeffreys,

Pritzker, and Lawrence are responsible for the understaffing.[1]   After the Court's threshold review conducted pursuant to 28 U.S.C. §1915A, Plaintiff proceeded on the following claims:

> Count 1:    Eighth Amendment deliberate indifference claim against Wexford, Jeffreys, Pritzker, and Lawrence due to prison overcrowding and understaffing of medical providers by Wexford that led to the denial and/or delay of medical care for Plaintiff's injuries and chronic pain.
>
> Count 2:    Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Siddiqui, Zimmer, Crain and Wexford for denying Plaintiff adequate medical care for his injuries and chronic pain.
>
> Count 4:    ADA and RA claim against Jeffreys for failing to accommodate Plaintiff's disabilities that resulted from his injuries and chronic pain.

The Court added the Warden of Menard as a defendant in his official capacity only because Plaintiff asks the Court to award him injunctive relief.

Plaintiff submitted Grievance #252-3-19 dated March 14, 2019, in which he described an incident where he injured his back and neck at Menard (Doc. 41-1, p. 25-30).   He further described several encounters in the health care unit with a nurse and a doctor and explained that they did not provide him with treatment that alleviated the pain from his injuries.   The grievance officer at Menard denied the grievance, and Plaintiff appealed it to the Administrative Review Board ("ARB").   The ARB also denied the grievance on September 19, 2019.   Defendants Wexford, Zimmer, and Crain contend that Plaintiff did not exhaust his administrative remedies against them via this grievance because the grievance does not identify them.   Defendants Wexford, Jeffreys, Pritzker, and Lawrence contend that this grievance does not exhaust Plaintiff's administrative remedies against them because it does not identify their alleged policy or practice of understaffing medical units within the IDOC.

Plaintiff submitted two other grievances to Menard and the ARB in which he described

---

[1] Wexford provides health care to inmates within the IDOC.

inadequate medical care for his back/neck injury (Doc. 41-1, p. 10-20).   Both of those grievances were denied by the ARB after Plaintiff filed this suit on February 5, 2020.   In his Response to Defendants' motions, Plaintiff contends that he submitted other grievances at Menard that went unanswered.

### *Pavey* Hearing

On May 24, 2021, the Court held a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).   Plaintiff testified that in September 2019, he placed a grievance in his unit's grievance box that detailed the lack of treatment he received for his back pain.   Plaintiff further testified that the grievance specifically identified Defendant Zimmer.   Plaintiff was not able to make a copy of this grievance before he placed it in the grievance box.   Plaintiff never received a response to this grievance, and he mentioned the missing grievance to his counselor.   The counselor told him to "write a grievance about it", so Plaintiff submitted Grievance #179-12-19 dated December 15, 2019.   In that grievance, Plaintiff stated that it was the third grievance he had submitted regarding retaliation against him for submitting Grievance #252-3-19 on March 13, 2019.   Plaintiff wrote that he continued to have pain in his neck and back and despite submitting multiple requests to be seen, he had not received any treatment for the pain.   Grievance #179-12-19 does not identify any of the defendants (Doc. 41-1, p. 17-18).   Plaintiff also testified that Grievance #252-3-19 does not identify Defendants Zimmer, Wexford, or Crain.

Counsel for Defendants Jeffreys, Lawrence, Crain, and Pritzker called Grievance Officer Kelly Pierce to testify.   Pierce explained the procedure for submitting grievances at Menard.   She testified that Plaintiff's records reflect that he submitted three grievances at Menard in 2019: (1) Grievance #252-3-19, dated March 13, 2019 regarding medical treatment for his back injury; (2) Grievance #179-12-19 dated December 15, 2019 regarding staff retaliation for filing Grievance #252-3-19; and 3) Grievance #180-12-19 dated December 15, 2019, regarding the quality of food served at Menard.

**Legal Standards**

*Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

*Exhaustion Requirements*

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident or problem to his or her institutional counselor, unless certain discrete issues are being grieved.   20 ILL. ADMIN. CODE § 504.810(a).   The grievance must contain the following:

> …. factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 ILL. ADMIN. CODE § 504.870(b).

If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances."   *Id*. §504.830(e).   The CAO then advises the inmate of a decision on the grievance.   *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision.   *Id.* §  504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006).   The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal.   20 ILL. ADMIN. CODE § 504.850(d) and (e).   Inmates who intend to file suit are required to follow all steps and instructions in the grievance process before filing with the Court in order to "[allow prisons] to address complaints about the program [they administer] before being subjected to suit, [reduce] litigation to the extent complaints are satisfactorily resolved, and [improve] litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007).   However, an inmate is only required to exhaust the administrative remedies that are available to him.   *Lewis v.*

*Washington,* 300 F.3d 829,833 (7th Cir. 2002).   Administrative remedies are unavailable to an

inmate when prison officials do not respond to his grievance(s). *Id*.

## Discussion

Plaintiff's grievance records reflect that Grievance #252-3-19 (dated March 13, 2019) is

the only grievance related to the allegations in this lawsuit that Plaintiff fully exhausted before he

filed suit on February 5, 2020.   Grievance #252-3-19 does not mention any of the understaffing

policies/issues that Plaintiff attributes to Defendants Wexford, Jeffreys, Pritzker, and Lawrence,

nor does it mention a lack of accommodations for Plaintiff's disabilities.   Consequently, Plaintiff

did not exhaust his administrative remedies for Counts I and IV against Defendants Wexford,

Jeffreys, Pritzker, and Lawrence via Grievance #252-3-19.

Grievance #252-3-19 *does* mention that Plaintiff only received over-the-counter pain

medication for his injuries that did not control his pain.   In Count II, Plaintiff alleges Wexford has

a policy of providing over-the-counter, ineffective medications to inmates for their pain.

Therefore Grievance #252-3-19 suffices to exhaust Plaintiff's administrative remedies against

Wexford in Count II.

Though Plaintiff mentions a nurse in Grievance #252-3-19, he admits that it does not

identify Defendants Zimmer or Crain.   The regulations required Plaintiff to identify the subject of

his grievance by name, or if the subject's name is not known, to provide as much descriptive

information about the subject individual(s) as possible.   Plaintiff knew the names of Defendants

Crain and Zimmer when he wrote Grievance #252-3-19 on March 14, 2019, as evidenced by letters

he purportedly sent them on March 3, 2019 and then also attached to his Complaint (Doc. 1, p. 44,

48).   In those letters, Plaintiff asks Defendants Crain and Zimmer for stronger pain medication

and to be seen for his injuries.   Eleven days later when he wrote Grievance #252-3-19, he

mentioned that he needed stronger pain medication and to be seen for his back and neck injuries,

yet does not identify Defendants Zimmer or Crain.   Because Plaintiff did not identify Defendants

Crain or Zimmer in Grievance #252-3-19, it does not exhaust Plaintiff's administrative remedies against them.

At the *Pavey* hearing, Plaintiff testified that he submitted a grievance in September 2019 regarding the allegations in this lawsuit.   To corroborate this testimony, Plaintiff directed the Court to his Complaint, which simply states "Plaintiff filed several grievances in an attempt to exhaust his administrative remedies and his grievances were responded to on one and not on the other ones" (Doc. 1, p.2).   Plaintiff likewise stated in his Response to Defendants' Motions that "some of his grievances were not answered or responded to" (Doc. 49, p. 2).

The Court considered the sworn testimony of Grievance Officer Kelly Pierce in contrast to Plaintiff's sworn testimony.   It is unreasonable to infer that the grievance process was unavailable to Plaintiff, as evidenced by the replies he received to multiple grievances from Menard officials and the ARB in 2019 and 2020 involving the same topics as the grievances that Plaintiff claims went missing.   Plaintiff's contention that a missing September 2019 grievance was more specific and identified Defendants and certain allegations in this lawsuit is not credible.   Plaintiff did not offer any other testimony or evidence to establish that a genuine issue of material fact exists regarding his exhaustion of administrative remedies.   Therefore, summary judgment is appropriate in favor of Defendants Zimmer, Crain, Jeffreys, Pritzker, and Lawrence.   Summary judgment is appropriate in favor of Wexford on Count I.

## Conclusion

For the reasons set forth above, the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 40) filed by Defendants Wexford and Zimmer is GRANTED IN PART AND DENIED IN PART.   The Motion for Summary Judgment (Doc. 43) filed by Defendants Crain, Jeffreys, Pritzker, and Lawrence is GRANTED.   Counts I and IV are DISMISSED WITHOUT PREJUDICE.   Plaintiff's claims in Count II against Defendants Crain and Zimmer are DISMISSED WITHOUT PREJUDICE.   The Clerk of Court is directed to enter

judgment accordingly at the conclusion of this case.  Plaintiff's claims in Count II against the Warden of Menard (in his official capacity only for Plaintiff's injunctive relief requests), Dr. Siddiqui, and Wexford are the only remaining claims in this matter.

**IT IS SO ORDERED.**

**DATED: May 27, 2021**

/s/ *Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**