IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARNELL RICHMOND, #R30884, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 20-cv-143-RJD |
| WEXFORD HEALTH SOURCES, INC., ET AL., | ) ) ) ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on a Motion for Reconsideration filed by Defendant Wexford Health Sources, Inc. (Doc. 55). Defendant argues that the Court made a manifest error of law when it denied Wexford's Motion for Summary Judgment for Plaintiff's failure to exhaust administrative remedies (Doc. 54). Plaintiff, an inmate of the Illinois Department of Corrections and incarcerated at Menard Correctional Center ("Menard"), filed this suit pursuant to 42 USC §1983. He alleges that Wexford (who contracts with IDOC to provide medical care to inmates) has a policy of providing over-the-counter, ineffective medications to inmates for their pain. Wexford cannot be vicariously liable to Plaintiff for the actions of its employees; rather, it can only be liable for its own customs or policies. *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 769 (7th Cir. 2014).

Prior to filing suit, Plaintiff was required to exhaust his administrative remedies against Wexford. 42 U.S.C. § 1997e(a). Plaintiff properly exhausted a grievance that stated, *inter alia*, he was only receiving over-the-counter pain medication for various physical ailments that did not control his pain (Doc. 41-1, p. 25-30). Wexford argues that because Plaintiff did not mention in the grievance that Wexford had a policy of providing over the counter and ineffective medications

to inmates, Plaintiff did not exhaust his administrative remedies against Wexford.

Plaintiff stated in his grievance that following an incident on February 21, 2019, he was transferred to a medical facility outside of IDOC where he saw a physician who prescribed "a pain killer" to him that "has yet to be delivered." (Doc. 41-1, p. 28). On February 25, 2019, Plaintiff saw a nurse at Menard who "advised of her inability to do anything" (*Id*.). The pain medication prescribed by the physician outside of IDOC "has not been delivered" (*Id*.). On February 28, 2019, Plaintiff saw a doctor at Menard who prescribed Tylenol, which was not "helpful." (*Id*.). In response to his grievance, Plaintiff received a memorandum from the health care unit at Menard that stated "the providers in [Menard] evaluate and manage pain medication within the facility." (*Id*., p. 30). Wexford is the on-site medical provider at Menard.

The statements in Plaintiff's grievance sufficiently gave prison officials notice of the issues that Plaintiff attributes in this suit to a Wexford policy or custom. That was all that was required of Plaintiff. 20 ILL. ADMIN. CODE § 504.870(b); *see Jones v. Bock*, 549 U.S. 199, 219(2007) (*quoting Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004); *Davis v. Swallers*, Case No. 13-cv-4-MJR-SCW, 2013 WL 5925805, *1 (S.D. Ill. Nov. 5, 2013); *Orozco v. Wexford Health Sources, Inc.*, Case No. 16-cv-995-SMY-RJD, 2018 WL 306923, *4 (S.D. Ill. Jan. 5, 2018); *Bell v. Wexford Health Sources*, Case No. 17-cv-1301-JPG-RJD, 2018 WL 3145850, *3 (S.D. Ill. Jun. 4, 2018). Wexford provides no case law that states otherwise.

Exhaustion of administrative remedies is Wexford's affirmative defense. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Wexford failed to satisfy its burden of proof in its Motion for Summary Judgment. Defendant's Motion for Reconsideration (Doc. 55) is DENIED.

**IT IS SO ORDERED.**

**DATED: June 28, 2021**

*s/* *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**